Filed 5/15/25  P. v. Jenkins CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALONZO JENKINS,<br><br>    Defendant and Appellant. | F088020<br><br>(Super. Ct. No. SUF21358)<br><br>**OPINION** |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Merced County.  Steven K. Slocum, Judge.

James S. Donnelly-Saalfield, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ivan P. Marrs and Edrina Anderson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*Before Levy, Acting P. J., Franson, J. and Peña, J.

# INTRODUCTION

On January 7, 2024, defendant Alonzo Jenkins invited the court to recall and resentence him pursuant to Penal Code section 1172.1 as amended by Assembly Bill No. 600 (2023–2024 Reg. Sess.) (Assembly Bill 600). (Undesignated statutory references are to the Penal Code.) That same day he also filed a petition for resentencing pursuant to section 1172.75, asking the court to strike his section 667, subdivision (a) prior serious felony enhancement. The court filed a written order denying both requests. With regard to the request to recall and resentence pursuant to section 1172.1, the order states "any recall and resentencing may only be initiated by the court or specified authorities. Petitioner is not a party who is authorized to make this motion. The court declines petitioner's invitation to recall and resentence." The court denied the section 1172.75 motion on the grounds the change in the law in that section applies to priors imposed under section 667.5, subdivision (b), not section 667, subdivision (a)(1).

Defendant now appeals from that order, asserting the denial of his request pursuant to section 1172.1 affected his substantial rights, and reversal and remand is required because the court did not appear to recognize its discretion under section 1172.1 and "Assembly Bill 1393 (2017–2018 reg. session)"[1] to recall his sentence and strike the prior serious felony enhancement. The People argue the appeal must be dismissed because the court's order did not affect defendant's substantial rights. Alternatively, they contend the record does not affirmatively show the court misunderstood the scope of its discretion, and error cannot be presumed based on a silent record.

We conclude the order appealed from is not an appealable order and, accordingly, dismiss the appeal.

---

[1]Defendant mistakenly refers to "Assembly Bill No. 1393" but presumably is referring to Senate Bill No. 1393 (2017–2018 Reg. Sess.), which amended sections 667 and 1385, effective January 1, 2019, deleting the prohibition against striking a prior serious felony conviction for purposes of enhancing a sentence. (Stats. 2018 ch. 1013, § 2.)

## FACTUAL AND PROCEDURAL BACKGROUND

In 1997, defendant was charged with willful, deliberate, and premeditated attempted murder (§§ 664, 187; count 1), two counts of robbery (§ 211; counts 2 & 5), being a felon in possession of a firearm (former § 12021, subd. (a)(1); count 3), and kidnapping for robbery (§ 209, subd. (b); count 4). Multiple weapon and prior conviction enhancements were also alleged.

In 1998, defendant pleaded no contest to attempted murder (§§ 664, 187; count 1) and admitted he suffered two prior strike convictions in 1991 and 1995 for assault with a deadly weapon (§ 245, subd. (a)(1)), with enhancements for personal use of a deadly weapon (§ 12022, subd. (b)(1)), and a prior serious felony conviction (§ 667, subd. (a)).[2] The court sentenced defendant to the upper term of nine years for the attempted murder, "tripled pursuant to the provisions of enhancement four[, the strike enhancements,] for a total of 27 years-to-life in prison, that is life in prison where he will be eligible for parole after serving 27 years." The court also imposed five years for the prior serious felony enhancement for a total term of 32 years to life.[3] The court noted it found no circumstances in mitigation but it found the following circumstances in aggravation: "[T]he crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness or callousness; that the defendant was armed with or used a weapon at the time of the commission of the crime; that the manner in which the crime was carried out indicates planning; that he has engaged in violent conduct which indicates a serious danger to society; that … he has

---

[2]The premeditation allegation was stricken as part of the plea and the remaining charges and allegations were dismissed.

[3]Defendant was on probation in case Nos. LBF6121B and 19960 for a 1995 conviction for assault with a deadly weapon and failure to appear. At sentencing, based upon defendant's violations of probation, the court also imposed consecutive terms of four years eight months that were previously ordered stayed in that case.

served a prior prison term; that he was on probation or parole when the crime was committed; and that his prior performance on probation or parole was unsatisfactory."

Defendant filed an invitation dated January 7, 2024, for the court to recall and resentence him pursuant to Assembly Bill 600. He stated he was not challenging the sentence prescribed by the sentencing court but requesting the court resentence him under Assembly Bill 600. He asserted he had participated "in self improvement programming, availing himself strategies [*sic*] and coping skills that will allow him to resolve any life issues that support his rehabilitation which he believes is substantial proof that he is a low risk to public safety." He also argued his age suggests his risk of recidivism is "very low." He attached to his invitation a "Threat Assessment" and documentation evidencing his completion of various programs while incarcerated, as well as laudatory chronos and letters from family and friends.

Defendant also submitted a petition for resentencing pursuant to section 1172.75 dated January 7, 2024, requesting a full resentencing hearing pursuant to section 1172.75, subdivision (d)(2), "to apply change in law reducing sentences or providing for jurdicial [*sic*] discretion included the changes made by Senate Bill No. 1393 (2017–2018 Reg. Sess.) granting trial courts discretion to strike a five year serious enhancement under Penal Code 1385, in the (Furtherance of Justice)." He asserted he was "clearly … eligible per 1172.75(d)(2)" because the court imposed an enhancement under section 667, subdivision (a)(1).

On April 5, 2024, the court issued a "Ruling on Motions," noting it received both defendant's request for relief under section 1172.1 and his request for recall and resentencing pursuant to section 1172.75 on "January 11, 2022." The court further noted it received a petition for writ of habeas corpus on March 14, 2024, that was a motion to apply custody credits to restitution under sections 1205 and 2900.5. The court denied all the motions.

With regard to "the motion to strike the nickel prior under section 1172.75," the court denied the motion, noting the "change in law in this section applies to priors under section 667.5(b), not five year nickel priors under section 667(a)(1)." As to the motion to recall and resentence under section 1172.1, the court concluded "any recall and resentencing may only be initiated by the court or specified authorities. [Defendant] is not a party who is authorized to make this motion. The court declines [defendant]'s invitation to recall and resentence." With regard to defendant's motion to apply custody credits to satisfy his restitution order under sections 1204, subdivision (a), and 2900.5, the court stated "custody credits cannot satisfy victim restitution orders or restitution fines," and defendant had no excess credits to apply to any fines or fees.

## DISCUSSION

Defendant appeals from the court's April 5, 2024, order denying his request for recall of sentence and resentencing pursuant to Assembly Bill 600 and section 1172.1. He contends the order is appealable and remand is required because the order affirmatively reflects the court misunderstood its discretion to recall his sentence on its own motion. We disagree and conclude the appeal must be dismissed.

### I.     Applicable Law

Where, as here, execution of sentence has commenced and the judgment is final, the trial court is generally "deprived of jurisdiction to resentence" a criminal defendant. (*People v. Karaman* (1992) 4 Cal.4th 335, 344, citing *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455; accord, *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.) To obtain resentencing on a final judgment, a defendant generally must file a petition for writ of habeas corpus (see *People v. Picklesimer* (2010) 48 Cal.4th 330, 339) or proceed by way of a special statutory procedure (e.g., §§ 1170.18, 1170.91, 1172.1, 1172.2, 1172.6, 1172.7, 1172.75). (*People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1118.)

Section 1172.1 (former § 1170, subd. (d)) provides an exception to the general rule that a trial court loses jurisdiction once execution of sentence has begun by authorizing a recall and resentencing procedure that may be invoked when, for example, the Secretary of the Department of Corrections and Rehabilitation recommends resentencing. (§ 1172.1, subd. (a)(1); *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.) Assembly Bill 600 amended section 1172.1 to allow a court to now resentence a defendant "on its own motion" when "applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.) Accordingly, effective January 1, 2024, section 1172.1, subdivision (a)(1) provides the court may, "*on its own motion*, … *at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law*, … recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." (Italics added.)

Notably, section 1172.1, subdivision (c) expressly states, "A defendant is not entitled to file a petition seeking relief from the court under this section." (*Ibid*.) Additionally: "If a defendant requests consideration for relief under this section, the court is not required to respond." (*Ibid.*)

## II. Analysis

Defendant argues the court had authority to rule on his invitation to recall his sentence pursuant to section 1172.1, and the denial of his invitation affected his substantial rights such that the resulting order is appealable.[4] He argues "the trial court

---

[4]Before the parties filed briefing in this matter, we issued an order directing them to address "whether the trial court had jurisdiction to rule on defendant's section 1172.1 petition below and whether the court's order on defendant's petition for relief in the above entitled matter is an appealable postjudgment order that affects appellant's substantial rights." We specifically

6.

did not appear to recognize that it had discretion under section 1172.1 and [Senate Bill] 1393 to recall [defendant's] sentence and strike… his prior serious felony enhancement, notwithstanding the fact that he mistakenly asserted his five year prison prior made him eligible for section 1172.75 resentencing." He asserts the record affirmatively demonstrates the court misunderstood its discretion to recall and resentence him pursuant to section 1172.1 in that the court stated in its order defendant was not "authorized to make this motion," though defendant could invite the court to exercise its discretion. He also notes the court stated in its order that it received defendant's petitions on January 11, 2022, so "it appears the court mistakenly believed [the] petitions were not timely and that he was not permitted to invite the court to exercise its section 1172.1 discretion to recall even after 120 days." Defendant contends the order should be reversed and the matter remanded for the court to exercise its properly informed discretion. The People assert the court's April 5, 2024, order is not appealable. They assert, "[b]ecause section 1172.1 forecloses any right by a defendant to request resentencing, the denial of such a request does not affect a defendant's substantial rights." Alternatively, they argue that even if we consider the appeal on its merits, the court's order must be affirmed because we presume the court understood and followed the law, and the record does not affirmatively show the court misunderstood its sentencing discretion. We conclude the appeal must be dismissed because the order appealed from is not appealable.

""""It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." [Citations.]'" (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Section 1172.1 does not address whether a trial court's denial of a defendant's request for recall and resentencing under the statute is appealable. However, section 1237, subdivision (b) "provides that a defendant may

directed the parties to address the California Supreme Court's opinion in *People v. Loper* (2015) 60 Cal.4th 1155 in their discussion regarding appealability.

7.

appeal from 'any order made after judgment, affecting the substantial rights of the party.'" (*Teal*, *supra*, at p. 598.)

Nevertheless, we cannot conclude the court's order here denying defendant's request that it initiate recall and resentencing proceedings on its own motion affects defendant's substantial rights such that it constitutes an appealable order. Section 1172.1, subdivision (c) expressly provides that the trial court may choose not to respond to a defendant's invitation for the court to initiate recall and resentencing proceedings on its own motion pursuant to section 1172.1, subdivision (a) as amended by Assembly Bill 600. (§ 1172.1, subd. (c).) By stating a court may decline to respond to a defendant's request for relief under the statute, the language of section 1172.1, subdivision (c) establishes there is no affirmative obligation on a trial court to consider a defendant's request for relief or initiate recall and resentencing proceedings in response thereto. And, if a court has no duty to respond to—let alone grant—a defendant's request for relief, it follows that a defendant has no *right* to the initiation of recall and resentencing proceedings. Thus, where, as here, the court issues an order denying such relief, it cannot be said to affect the defendant's substantial rights as would be required for such a postjudgment order to be appealable. (§ 1237, subd. (b).) That is, the statutory language of section 1172.1 provides a basis as to why a defendant should be precluded from raising the court's alleged erroneous failure to initiate recall and resentencing proceedings on appeal. (Cf. *People v. Loper*, *supra*, 60 Cal.4th at p. 1167; *People v. Carmony* (2004) 33 Cal.4th 367, 376.)

We also cannot conclude the language of the court's order here merits a different result. Ordinarily, we presume the trial court was aware of, understood, and properly applied the relevant law. (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114 ["[W]e apply the general rule 'that a trial court is presumed to have been aware of and followed the applicable law'"].) Accordingly, we presume the court was aware of its authority under this law and followed it in declining to grant defendant relief. Indeed, the court expressly

8.

stated in its order that recall and resentencing under section 1172.1 may be initiated "*by the court* or specified authorities" (italics added). Thus, defendant has not overcome the presumption that the court was aware of its authority to recall his sentence on its own motion pursuant to section 1172.1, subdivision (a) but declined to exercise it.[5] (See *In re Julian R*. (2009) 47 Cal.4th 487, 498–499 ["A ""'judgment or order of the lower court is *presumed correct*[, and a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown'""'"].)

Because we conclude the order appealed from is not appealable, the appeal must be dismissed.

## DISPOSITION

The appeal is dismissed.

---

[5]It bears noting, even if the trial court's order denying defendant's invitation for recall and resentencing pursuant to section 1172.1 could be construed as suggesting the court misunderstood its authority to resentence defendant on its own motion—which we cannot conclude it does—this would not convert the order into an appealable one. (See *People v. Faustinos* (2025) 109 Cal.App.5th 687, 697–698.) Rather, because defendant has no right to relief (i.e., the defendant has no right to the court's initiation of recall and resentencing proceedings on its own motion pursuant to § 1172.1), an order denying such relief—regardless of the basis for the denial—cannot be said to affect the defendant's substantial rights. (See *People v. Gallardo* (2000) 77 Cal.App.4th 971, 985; see generally *Teal v. Superior Court*, *supra*, 60 Cal.4th at p. 600 ["a postjudgment order 'affecting the substantial rights of the party' (§ 1237, subd. (b)) does not turn on whether that party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto"].)

9.